[L. A. No. 23253.   In Bank.   Oct. 26, 1954.]

ALFRED SIGNORELLI et al., Respondents, v. JAMES L. POTTER et al., Appellants.

Conron, Heard & James and Calvin H. Conron for Appellants.

Edward J. Trevey for Respondents.

TRAYNOR, J.—Plaintiffs brought this action to recover damages for the destruction of their personal property in an explosion and fire allegedly caused by defendants' negligence

in filling plaintiffs' butane storage tank. Defendants alleged that plaintiffs were contributively negligent in maintaining the tank within dangerous proximity of a stove and hot water heater with a pilot light. The court, sitting without a jury, entered judgment for plaintiffs. Defendants appeal.

About seven years before the fire, plaintiffs had a 50-gallon butane storage tank installed outside a house near Santa Maria that they occupied as tenants. A stove and hot water heater with a pilot light were inside the house a few inches from the tank and separated from it by a wall of 1 inch by 12 inch board and batten construction. A pipe through a hole in the wall connected the tank with the heater and stove. Butane is a liquefied petroleum gas and has a distinct odor. It is liquefied under pressure and is transported in liquid form. It is a gas when the pressure is released and is heavier than air. When it escapes, it seeks a low level and drifts with the wind. It is inflammable, explosive, and highly volatile. ■ Those who control it must use the utmost care to prevent its escaping. (See 17 A.L.R.2d 888-891.) Thus, Safety Order 4935 of the Division of Industrial Safety (Cal. Admin. Code, tit. 8) forbids the maintenance of such a tank within 10 feet of such a building as that occupied by plaintiffs. Safety Order 4978 forbids the filling of such a tank "within ten feet of any important building or house trailer."

The tank needed refilling about every five weeks and had been serviced without mishap for about seven years. It was filled by means of a pressure pump through a filler hose, 50 feet long and an inch and a half in diameter, connected to the tank from a butane truck, which had a capacity of 1,100 gallons. When the hose is attached to the tank as well as when it is uncoupled, some butane always escapes. Defendant Munoz, who was employed by defendant Potter, delivered the butane to plaintiffs' tank in the midafternoon. It is generally windy in the vicinity of Santa Maria in the afternoon and was windy at the time of the delivery. Munoz was the only person present at the time of the explosion and fire. There was no escaping butane or odor of butane when he arrived to fill the tank. In the course of filling it, however, he did smell butane but nevertheless continued with the filling. The tank took 26 gallons of butane and it was filled in about two minutes. After filling the tank, Munoz closed the valves and was unscrewing the hose from the tank when he saw a flash of flame leap from around the hose and coupling and from between the boards of the house

"where the butane line from the tank to the house is."
There was an immediate explosion and the corner of the
house was ablaze. It was Munoz's opinion that the fire started
from escaping butane reaching the pilot light of the heater,
and in a deposition taken before trial he testified that gas
was escaping from the hose and that after he saw the flame
he tried to finish uncoupling the hose because he "didn't want
any more gas to escape." He also testified in his deposition
that the filler hose had not been tested for leaks since it
was put on the truck eight or ten months before the fire.
Because of the intensity of the heat and flames, Munoz could
not finish uncoupling the hose from the tank. He got a fire
extinguisher from the truck, but it was defective and failed
to work. He tried to put water on the fire, but the hose
he found was not long enough and the water pressure was
inadequate. The house and plaintiffs' property therein were
almost completely destroyed.

The trial court found that plaintiffs as well as defendants
were negligent. Plaintiffs were negligent in maintaining the
tank in such close proximity to their house. Defendants
were also negligent in filling a tank so located. Defendants'
negligence, however, was not confined to filling a tank located
where this one was. In addition to that negligence defendant
Munoz negligently allowed an excessive amount of butane to
escape, and it was this negligence the trial court found to
be the proximate cause of the fire. ▪ Even though plain-
tiffs were also negligent in maintaining their tank in a dan-
gerous location, their negligence must have been a contribut-
ing cause to bar their recovery. (*Nunneley* v. *Edgar Hotel,*
36 Cal.2d 493, 498-499 [225 P.2d 497]; see Rest., Torts,
§§ 430, 467, 469.)

Defendants contend that the trial court erred in finding
that plaintiffs' negligent maintenance of the tank was not a
proximate cause of the fire. Plaintiffs, on the other hand,
contend that the evidence supports the finding of the trial
court on the issue of proximate cause, and that, in any event,
there is no evidence that they were negligent. They base
the latter contention on the theory that the regulations of
the Division of Industrial Safety apply only to employers
and employees and not to householders. ▪ Even in the
absence of a safety order applicable to plaintiffs, however,
the trial court could reasonably conclude that a person of
ordinary prudence would not maintain a butane tank located
where this one was, and that the risk reasonably to be fore-

seen included the possibility that butane gas might negligently be allowed to escape while the tank was being filled. (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 219, 220 [157 P.2d 372, 158 A.L.R. 872]; *Benton* v. *Sloss*, 38 Cal.2d 399, 405 [240 P.2d 575].) Accordingly, the judgment may not be affirmed on the ground that there is no evidence to support the finding that plaintiffs were negligent. Moreover, since we have concluded that the finding that plaintiffs' negligence was not the proximate cause of the fire may not be disturbed, it is unnecessary to decide whether or not the safety regulations apply to householders such as plaintiffs.

The basic question on this appeal is one of fact; was plaintiffs' maintenance of the tank in dangerous proximity to the pilot light a contributing cause of the fire? If the fire would have occurred even if the tank had been properly located, its location was not a substantial factor in bringing about the fire and was therefore not a contributing cause thereof. (See Rest., Torts, §§ 431-433.) If, however, the fire would not have occurred had the tank been at a proper distance from the house, its dangerous location was obviously a contributing cause thereof.

In finding that plaintiffs' negligence was not a proximate cause of the fire, the trial court impliedly found that it was more likely than not that the fire would have occurred even if the tank had been properly located. In determining whether the evidence supports such a finding, all reasonable inferences are to be drawn from the evidence that will support the finding. The record does not reveal how much butane escaped in the course of delivery. It does reveal, however, that butane was escaping from the 50-foot-long filler hose, which had not been tested for leaks in eight or ten months, that enough butane escaped for Munoz to smell it while he was filling the tank, that he nevertheless continued to fill it, that after he saw the flames he tried to finish uncoupling the hose because he "didn't want any more gas to escape," and that if no more butane had escaped than normally escapes in filling such a tank, there would have been no fire. Although defendants had the burden of proving that plaintiffs' negligence was a contributing cause of the fire, they made no attempt to show the quantity of butane in their truck before and after filling plaintiffs' tank or that the difference, after taking account of the 26 gallons delivered to plaintiffs, was insufficient to be blown 10 feet to plaintiffs' pilot light. The trial court could infer from

the fact that there was an explosion and a burning so extensive that the corner of the building was immediately set ablaze that a large amount of butane escaped, and could reasonably conclude that with such a large amount of butane escaping from a filler hose 50 feet long, it was more likely than not that butane, which is highly volatile, would have been blown 10 feet or more to the pilot light by the wind that was blowing in the vicinity of Santa Maria at the time Munoz was filling the tank. ■ Ordinarily it cannot be proved conclusively what would have happened if something else had not happened. It is only necessary for the trier of facts to determine the balance of probabilities. When, as in the present case, the evidence supports that determination, the finding of fact is conclusive. ■ Moreover, the burden of proving that plaintiffs' negligence was a contributing cause of the fire was on defendants, and since, in the light of the evidence, it cannot be said as a matter of law that they sustained this burden, the finding cannot be disturbed. (*George v. Bekins Van & Storage Co.*, 33 Cal.2d 834, 841 [205 P.2d 1037].)

■ Defendants contend that since plaintiffs solicited the delivery of the butane, they are bound by the maxim in the Civil Code, section 3515, that ''He who consents to an act is not wronged by it.'' The simple answer to this contention is that plaintiffs did not consent to defendants' negligently allowing an excessive amount of butane to escape.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.