[Civ. No. 20422.   Second Dist., Div. One.   Feb. 15, 1955.]

SALLYE LEE NELSON, Appellant, v. DOUGLAS PEDLOW, INC. (a Corporation), Respondent.

Anderson & Howard and John W. Howard for Appellant.

Stephen J. Grogan for Respondent.

DORAN, J.—The action herein is one brought to recover for personal injuries alleged to have resulted from negligence of the defendant in supplying plaintiff with a loan automobile having defective brakes, while plaintiff's car was in defendant's garage for repairs. Trial before a jury resulted in a verdict and judgment in favor of the defendant.

From the settled narrative statement it appears that the plaintiff testified, in substance, ''that she had taken her car to the Pedlow Garage to be repaired on the evening of the 18th day of November, 1951. Pedlow Garage loaned her a 1937 Chevrolet Sedan to use while her car was being repaired. She drove the car three or four miles to her home and left the car in the driveway; 'that the brakes worked all right on that trip.' On the 19th day of November, 1951, she drove the car to work, a distance of about two to three miles, in a misty rain, 'that she used the brakes on that trip and they worked all right'; that she parked the car while at work, in the street; 'that there was a light, misty rain most of the day and the streets were wet.' After work she drove the car to her employer's house where it remained until about 11:30 o'clock that evening; 'that the brakes worked all right on that trip.' At 11:30 o'clock she and her employer, Mrs. Kemnitz, left the house.

''Plaintiff was following Mrs. Kemnitz's car; that plaintiff made a boulevard stop at Laurel and Saticoy and the brakes worked there; that it is about 4 miles from Saticoy to Victory Boulevard; that she used the brakes . . . and they worked all right; that there was a misty rain and the streets were wet. When approaching the intersection of Laurel Canyon and Victory Boulevard, she noted a red stop sign, removed her foot from the accelerator and commenced to slow down. She saw a car stopped at the red light in front of her and put her foot on the brake pedal when a half block from Victory and the car seemed to gain speed; that the brake pedal 'went all the way to the floor with no brake action whatsoever'; that she was not a car length, but 100 yards behind Mrs. Kemnitz's car when she applied the brakes; that she did say on her deposition that she was right behind Mrs. Kemnitz at the time and that she was not 3 car lengths from Victory Boulevard when she applied the brakes, but that she had given that distance upon her deposition without knowing the length of cars; also that she is not too good a judge of distances.''

There was testimony by the Pedlows, father and son, that just previous to turning over the loan car to plaintiff, the brakes had been overhauled and were in good condition; that after the accident, the brakes were inspected and nothing found wrong, and that the car was still being driven without any further work being done on the brakes other than slight adjustment. Expert testimony was offered to the effect that

Chevrolet brakes, if wet, "will not stop the car and the pedal will go wholly to the floor."

The appellant complains, first, that the trial court erred in refusing to allow a continuance on the last day of the trial, "in order to allow Plaintiff time to secure rebuttal evidence showing the falsity of the testimony of a surprise defense witness," and in refusing to reopen the case after argument, to permit plaintiff to introduce rebuttal evidence. It appears that after the defense had rested, plaintiff's attorney, in answer to the court's inquiry whether there was any rebuttal evidence, asked the court for a recess to obtain a subpoena duces tecum in order to refute the testimony of a police officer to the effect that the officer had seen a dark sedan of unknown make and model, and that a brother officer had put in a telephone call to some unknown person.

As noted in respondent's brief, plaintiff's attorney had had ample time to secure the subpoena; the officer was not a surprise witness but one whose testimony "was available to anyone who wanted to take the trouble to ascertain the names of the officers on patrol duty." Moreover, as admitted by plaintiff's counsel at the trial, "it is probably not a most material point since most of his testimony was stricken." There was no dispute about the fact that plaintiff's loan car remained all night at the scene of the accident. In any event, the matter of granting a continuance was within the trial court's discretion, and it does not appear that there was any abuse of discretion or that plaintiff has suffered any prejudice by reason of the court's action. The matter of reopening the case after argument was likewise a discretionary matter, and no reversible error appears in connection therewith.

It is appellant's position that "The theory of Res Ipsa Loquitur was definitely supported by the evidence in this case and it was grave error for the lower court not to give this instruction No. 11," requested by plaintiff. The respondent's answer to this is that the doctrine does not apply under the facts here present, and that in any event the requested instruction did not contain a proper statement of the law.

Although it is true that, as said in *Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715, 721 [211 P.2d 905], "In many cases it has been held that a collision between a moving automobile and a standing automobile, . . . calls for the application of the doctrine of *res ipsa loquitur*," it is obvious that such doctrine would not be applicable unless the case at hand met the well established requirements of that doctrine.

The Merry case, cited by appellant, is not factually comparable with the present situation, and does not support appellant's contention.

■ "To render the doctrine applicable," as said in *Olson* v. *Whitthorne & Swan,* 203 Cal. 206, 208 [263 P. 518, 58 A.L.R. 129], "it must be shown that the instrumentality causing the injury was under the control of the defendant and that the injury 'must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence.' (Cal.Jur., pp. 708, 710.) It does not apply 'where an unexplained accident might have been caused by plaintiff's negligence, or been due to one of several causes, for some of which the defendant is not responsible.' "

■ In the instant case, as pointed out in respondent's brief, "the instrumentality which caused the injury, i.e., the automobile, was not under the exclusive control of the defendants. The plaintiff had had exclusive control of the car for more than twenty-four hours up to and including the moment of injury. Plaintiff failed to prove that the brakes on the car were defective or that any failure of the brakes to function was the result of any negligence of the defendant. . . . It could well be inferred by the judge that the condition of the brakes had changed in that they had become wet or else the rain had made it impossible to stop the car."

■ The res ipsa loquitur doctrine is not intended to open the door for mere speculation as to the cause of an injury. Rather, it furnishes a formula which in a proper case, may justifiably lead to a natural inference of negligence on the part of one who is in actual control of the particular situation. ■ Under these circumstances the trial court's refusal to instruct on this point cannot be deemed reversible error. Moreover, the instruction tendered by plaintiff appears to assume that there was a failure of the brakes which was the cause of the accident, and then states that "In such a case an inference arises that the proximate cause of the failure of the brakes was some negligent conduct on the part of Defendant."

■ Likewise, there was no prejudicial error in the trial court's refusal to give plaintiff's requested instruction quoting section 670 of the Vehicle Code which prescribes brake requirements, and makes violation of the statute presumptive evidence of negligence. There was no showing that the defendant had been guilty of noncompliance with the statute by

permitting the loan car to be operated upon a public highway in a defective or dangerous condition.

The record herein indicates that the case was submitted to the jury on all issues legitimately involved, and that the appellant has suffered no prejudice.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.