[Civ. No. 45079. Second Dist., Div. One. July 30, 1975.]

GEORGE PAPPAS et al., Plaintiffs and Appellants, v.
NORMA CARSON, Defendant and Respondent.

**COUNSEL**

Bogert, Ehrmann, Halpern, Haile & Buckner, Gordon, Lipstone & Jacoves and Lawrence B. Haile for Plaintiffs and Appellants.

Dunne, Shallcross & Kane and Mark C. Kane for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—In this appeal from a judgment for defendant-respondent in an action for damage to property, appellants contend the trial court prejudicially erred in refusing requested conditional res ipsa loquitur instructions and in commenting to the jury so as to confuse it and prejudice the plaintiffs' case. We conclude that the trial court prejudicially erred in not instructing on the applicability of conditional res ipsa loquitur to the case at bench and accordingly reverse the judgment.

In 1965, Mr. Norman Gordon leased a segment of plaintiffs Pappas' shopping center to establish Beach Boy Coiffures. His interest apparently included one-half of the walls that separated his premises from those of tenants on either side and the back wall of the shop. Gordon assigned his

lessee's interest to defendant Norma Carson. The lease provided, in relevant part, that no alterations or improvements were to be made without express consent of the landlord and that the lessee, at her own expense, should keep and maintain the premises in good condition.

In July 1965, when Mr. Gordon and his then "silent" partner, defendant, were setting up shop, they added 10 new electrical outlets to accommodate hair dryers. In February 1967, when defendant was in partnership with Lisa Johansen, 21 new electrical outlets and 12 new fixtures were installed. In the summer of 1967, defendant noticed that circuit breakers were tripping on three or four of the dryers whenever maximum use was made of the facilities. She contacted Mr. Hulet Gee, a licensed electrician, to remedy the problem. Gee determined that most parts of the system needed rewiring to accommodate the level of amperage used in the shop. With one exception, all the wiring was pulled from the conduits and replaced with wire that could withstand a higher amperage than that which defendant was using. A seven- to eight-inch segment which ran within the wall from the pull box to one of the two circuit breakers was not changed, Gee having determined it was adequate to withstand electrical demand upon it. In November 1969, the circuit breakers began to trip once again. Defendant requested another electrician, Mr. Clewis, to make addition modifications "to bring additional electric current into the beauty shop area." Defendant was fearful the facilities would otherwise be inadequate during the coming Christmas rush.

On December 23, 1969, defendant closed her shop at 7 p.m., after a very busy day. She left the premises about midnight. Around 4 a.m., a fire broke out in the shopping center causing extensive damage.

Several legal actions resulted. Pappas, their insurers, and Dominick De Francesco, the lessee of premises adjoining defendant's, separately sued defendant and Gee, her contractor. Defendant sued Gee. Gee was dismissed as a party and the actions against defendant were consolidated.

Undisputed expert testimony at trial indicated that: (1) the cause of the blaze was electrical and that its origin was in the back wall of defendant's premises, either at the pull box or the seven-inch segment of wiring traveling within the wall; (2) the fire was started by defendant repeatedly overloading the system producing a gradual disintegration of the wire which caused its overheating and the subsequent fire; and (3) given the reinstallation of the wires, the fact that a fire resulted indicated that the equipment was misinstalled or the wrong parts used.

The trial court denied plaintiffs-appellants' request for instructions on conditional res ipsa loquitur (BAJI Nos. 4.00 and 4.02). The court instructed on negligence generally and on contributory negligence (BAJI Nos. 3.01, 3.10, 3.11, 3.50, 3.75, 3.12, and 3.13), and on negligence per se by violation of Los Angeles Electrical Code sections 3.01 and 3.14 (BAJI No. 3.45). The jury was instructed that under the repair provision in the lease, defendant was obligated to maintain the premises in good repair; that the duty which a possessor of property owes to others to put premises in a safe condition is nondelegable; when a tenant is obligated to maintain the leased premise's electrical system; and that a tenant's hiring of an independent contractor to do the work on the system will not shield the tenant from damage from negligent work done.

After the jury deliberated for a short period, they returned with the following question: "We would like to read the pertinent laws pertaining to this case; that is, those instructions defining negligence, statements pertaining to permits, et cetera, and nondelegable duties."

The trial court responded: "I would like to say this. First of all, negligence—the ones that are in question here, first of all, Norma Carson. You are to evaluate her conduct. Did she do something that a reasonable prudent person would not do; or did she fail to do something that a reasonable prudent person would do? [¶] Now, if you find that she did not, then she's not negligent. [¶] If you find that she did, or failed to do something, then she is negligent. [¶] And then the question is did that cause the fire; because the fire is the thing we're concerned about here. [¶] I'd like to point out to you that the fact that the fire occurred doesn't mean that somebody has to be responsible for it. It's a question for you to evaluate what has been proved by the evidence here by a preponderance of the evidence that shows that something she did was wrong; or, something that she failed to do was wrong. [¶] The next thing is when you start to talking about nondelegable duties, this goes to the conduct of the people who worked for her. [¶] Now, the evidence indicates that Mr. Gee did a job for her. It also indicates that another man came in there just a month before the fire; and nondelegable duties simply means that where you have a positive duty to take care of something, you can not shift the responsibility of that because you've gotten somebody else to do it. [¶] Now, this is a touchy subject in this particular case, because we're not quite in accord that it should even be applicable in this case; however, I have instructed you in that regard. [¶] But the point I'm trying to get at is it depends whose conduct you are concerned about—whether you're concerned about what the electrical contractors did that went in

there, or whether you're talking about Mrs. Carson. [¶] Nondelegable duties has no application to the conduct of Mrs. Carson, because she's not delegating anything. [¶] Nondelegable duties only arises in the event you're evaluating the work done by Mr. Gee or this other electrician that went in there. [¶] I hope you understand that."

The jury returned a verdict for defendant. The plaintiffs in the consolidated actions, except for De Francesco, prosecuted the appeal from the resulting judgment which brings the case to us.

■ The trial court erred in refusing plaintiffs' proposed instructions on conditional res ipsa loquitur. ■ In California, the doctrine of res ipsa loquitur is applicable " 'where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the one responsible.' . . . It is based upon a common sense inference from the happening of the accident." (*Bedford* v. *Re,* 9 Cal.3d 593, 597 [108 Cal.Rptr. 364, 510 P.2d 724].) ■ If the plaintiff produces basic facts which establish those factors, the burden shifts to the defendant to produce evidence negating the inference of negligence or proximate cause or disputing the basic facts that gave rise to the inference. If the defendant meets his burden, the jury must be instructed "that, if it finds that the basic facts have been established by a preponderance of the evidence, then it may infer from those facts that the accident was caused because the defendant was negligent." (Law Revision Com. comment on Evid. Code, § 646.)

The record is clear that plaintiffs-appellants presented evidence of the basic facts necessary to the applicabtion of res ipsa loquitur.

■ The element that the incident was of a type which does not ordinarily occur without someone's negligence may be established by expert testimony as well as by the particular circumstances. (*Roddiscraft, Inc.* v. *Skelton Logging Co.,* 212 Cal.App.2d 784, 796 [28 Cal.Rptr. 277].) ■ Here the expert testimony was that the fire was electrical in nature and the result of negligence in the use and modification of the system. In those circumstances, the necessary element may be inferred.

There is substantial evidence that defendant was probably the one responsible for the negligence. ■ To establish that element, the accident "must either be traced to a specific instrumentality or cause for which the defendant was responsible, or it must be shown that he was

responsible for all reasonably probable causes to which the accident could be attributed. . . . Where such other causes are in the first instance equally probable, there must be evidence that will permit the jury to eliminate them." (Prosser, Torts (4th ed. 1971) pp. 218-219.) "[T]he doctrine is not applicable where it is 'at least equally probable that the accident was caused by some fault . . . for which defendants were not liable.'" (*Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 443 [247 P.2d 344].)

■   Where the only reasonably probable causes of the injury are traced solely to conduct of the defendant and a third party, a res ipsa loquitur instruction is properly refused if the defendant is not legally responsible for the third party's negligence since that negligence is an "equally probable" cause for the accident. (*LaPorte* v. *Houston,* 33 Cal.2d 167, 170 [199 P.2d 665].) Where the defendant is legally responsible for the negligence of the third party, the instruction must be given since the defendant is then responsible for all probable instrumentalities that caused the injury. (*Rose* v. *Melody Lane,* 39 Cal.2d 481, 487 [247 P.2d 335]; *Poulsen* v. *Charlton,* 224 Cal.App.2d 262, 268 [36 Cal.Rptr. 347].)

■   Here the record establishes that the fire started either from defendant's overloading of the circuits or from a defect in the installation of the wiring. Those two and only probable causes of the fire established by the evidence were both within the control of defendant. Defendant does not question that she controlled the use of the electrical equipment in her beauty shop so that if overloading was the cause, defendant was in control of the processes of overloading. Defendant seeks to support the trial court's refusal of the conditional res ipsa loquitur instruction, however, by arguing that an equally probable cause of the fire was the negligence of the independent contractors who rewired the electrical system. The validity of that argument depends upon the extent of defendant's responsibility for the actions of the independent contractors in the context of the case at bench.

For the purpose of tort liability, defendant is deemed to have been in control of the actions of the independent contractors installing and repairing the wiring. Restatement Second of Torts, section 422, frequently applied in California (*Brown* v. *George Pepperdine Foundation,* 23 Cal.2d 256 [143 P.2d 929]; *Knell* v. *Morris,* 39 Cal.2d 450, 456 [247 P.2d 352]), provides: "A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a

building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure (a) while the possessor has retained possession of the land during the progress of the work,. or (b) after he has resumed possession of the land upon its completion."[1] ■ The critical factor thrusting the duty upon a land possessor is his legal and actual control over the premises in which the instrumentality causing the harm is located. (*Poulsen* v. *Charlton, supra,* 224 Cal.App.2d 262, 268.) Where that instrumentality is the result of repairs or alterations to the premises, the possessor who engages an independent contractor to perform the alterations or repairs is held responsible for the independent contractor's negligence in performing his work on the rationale that the possessor is the one benefited by the alterations or repairs, is in a position to seek a financially responsible contractor who can indemnify him, can make the expense of liability insurance a cost of doing business, and because care in the alteration and repair of premises is a matter of importance to the public. (*Van Arsdale* v. *Hollinger,* 68 Cal.2d 245, 253 [66 Cal.Rptr. 20, 437 P.2d 508].)

■ Here the evidence is substantial that defendant possessed the premises by reason of the lease and that she assumed further control by entrusting the rewiring to independent contractors selected by her.

In summary, there is substantial evidence in the record that the fire which caused the injury would not have occurred in the absence of negligence, and that factually and by operation of law defendant must be deemed to have been in control of the only instrumentalities which were probable causes of the fire. In those circumstances, the trial court was required to give the conditional res ipsa loquitur instructions proposed by plaintiffs-appellants. It erred in refusing the instructions.

The error is prejudicial. Given the unexplained cause of the fire, the decision in the case at bench turned upon the burdens of producing evidence placed upon the parties. The action of the trial court in refusing instructions which would have permitted the jury, once it found the preliminary facts to be true, to place the burden upon defendant rather than upon plaintiffs-appellants of necessity is prejudicial. In these circumstances, it must be concluded that there is a reasonable possibility

---

[1]The Restatement section only extends its rule to injury to person. However, California cases have treated the principle as applicable to property damage. (*Knell* v. *Morris,* 39 Cal.2d 450 [247 P.2d 352].)

of a result more favorable to appellants if the correct instructions had been given. (*Rimmelle* v. *Northridge Hosp. Foundation,* 46 Cal.App.3d 123, 131 [120 Cal.Rptr. 39].) Since the error in instructions requires reversal and the problem raised in appellants' other contention is unlikely to arise on retrial, we do not discuss that contention.

The judgment is reversed.

Wood, P. J., and Hanson, J., concurred.