OPINION
This is an appeal from a judgment on jury verdict. We affirm.
Appellants sued respondents for damages as a result of a real property fire of unknown cause. During trial, appellant submitted both absolute and conditional res ipsa loquitur jury instructions. The court refused to give either instruction. The jury was given general negligence instructions. It rendered a judgment for respondents. Appellants' motion for a new trial was denied.
The issue on appeal is whether the court committed prejudicial error by refusing to give the res ipsa loquitur instructions. We find the evidence at trial did not warrant application of the res ipsa loquitur doctrine.
(1a) Res ipsa loquitur is a rule of evidence allowing an inference of negligence from proven facts. (Roddiscraft, Inc.
v. Skelton Logging Co. (1963) 212 Cal.App.2d 784, 793 [28 Cal.Rptr. 277]; Dorswitt v. Wilson (1942) 51 Cal.App.2d 623, 625 [125 P.2d 626].) It is based on a theory of "probability" where there is no direct evidence of defendant's conduct, (Horner v. Barber (1964) 229 Cal.App.2d 829, 832 [40 Cal.Rptr. 570, 8 A.L.R.3d 966]; Fowler v. Seaton (1964)61 Cal.2d 681, 687 [39 Cal.Rptr. 881, 394 P.2d 697]), permitting a common sense inference of negligence from the happening of the accident. (Bedford v. Re (1973) 9 Cal.3d 593, 597 [108 Cal.Rptr. 364, 510 P.2d 724]; Pappas v. Carson (1975)50 Cal.App.3d 261, 267 [123 Cal.Rptr. 343].) The rule thus assists plaintiffs in negligence cases in regard to the production of evidence.
The applicability of the doctrine depends on whether it can be said the accident was probably the result of negligence by someone and defendant was probably the person who was responsible. (Zentz v. Coca Cola Bottling Co. (1952)39 Cal.2d 436, 442, 446 [247 P.2d 344]; Moreno v. Sayre (1984)162 Cal.App.3d 116, 123 [208 Cal.Rptr. 444].) In the absence of such probabilities, there is no basis for an inference of negligence serving to take the place of evidence of some specific negligent act or omission. (Zentz v. Coca Cola Bottling Co.,supra, p. 443.)
(2a) A plaintiff must produce the following evidence in order to receive the benefit of the doctrine: 1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; 2) it must have been caused by an agency or instrumentality within the exclusive control of the defendant; and 3) the accident must not have been due to any voluntary action or contribution on the part of the plaintiff. (Ybarra v.Spangard (1944) 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; Moreno v. *Page 76 Sayre, supra, 162 Cal.App.3d 123-124.) Respondents contend appellants have failed to fulfill the second condition that the fire was caused by an instrumentality within their exclusive control.[1]
In order to determine whether appellants have presented sufficient facts in regard to this condition, the evidence is summarized as follows and viewed in the light most favorable to appellants. (Roddiscraft, Inc. v. Skelton Logging Co., supra,212 Cal.App.2d 795.) A fire broke out in a shopping center, destroying appellants' and respondents' shops. The parties' shops were contiguous, separated by a partition. Above the shops was an unpartitioned attic which was shared by the entire shopping center. The shopping center was owned by Pacific Mutual Insurance Company which was responsible for maintaining the building's electrical system.[2] The cause of the fire was unknown. Appellants presented expert testimony that a char depth analysis indicated the fire started above respondents' walk-in cooler situated against the wall dividing the parties' shops either in respondents' shop or above it. Another expert witness of appellants testified the normal maintenance period for a motor unit on a walk-in cooler was 60 days and that failure to maintain such a unit on a regular basis could cause a fire by heat buildup of the motor. Respondents testified that no maintenance had been performed on their walk-in cooler for over two and one-half years. Respondents presented expert testimony that the attic contained the electrical system for the shopping center, and that what appeared to be steel receptacle boxes for electrical wiring were found in the area of the attic burned by the fire. There was further testimony that steel conduits and receptacles are no longer used by the building industry because steel does not control overheating by aluminum, the material respondents testified was used for the building's circuitry. Respondents' expert witness stated the fire probably started in the attic and was caused by the building's old-fashioned electrical system. However, respondents produced no expert testimony concerning the type of material used in the circuitry.
(3a) Evidence at trial thus indicated two possible causes for the fire: respondents' walk-in cooler or Pacific Mutual's electrical wiring system. Appellants were not entitled to the inference of negligence provided by the *Page 77 
res ipsa loquitur rule since one of two possible causes of the fire was not under the control of respondents. (Pappas v.Carson, supra, 50 Cal.App.3d 268.) (1b) It is a fundamental, well-established rule that the doctrine of res ipsa loquitur does not apply where it is equally probable an accident was caused by some fault for which defendant was not responsible. (Zentz v.Coca Cola Bottling Co., supra, 39 Cal.2d 443; Roddiscraft,Inc. v. Skelton Logging Co., supra, 212 Cal.App.2d 798.) The purpose of this requirement is to eliminate the possibility that a defendant will be found liable for someone else's negligence. (Ibid.)
A review of fire damage cases in California permitting application of res ipsa loquitur where the cause of a fire was a mystery indicates plaintiff had produced evidence showing all of the probable causes of the fire were under the control of defendant. (Roddiscraft v. Skelton Logging Co., supra, p. 799; Horner v. Barber, supra, 229 Cal.App.2d 835; Seeley v.Combs (1966) 65 Cal.2d 127, 133 [52 Cal.Rptr. 578,416 P.2d 810]; Pappas v. Carson, supra, 50 Cal.App.3d 268;Levy-Zentner Co. v. Southern Pac. Transportation Co. (1977)74 Cal.App.3d 762, 779 [142 Cal.Rptr. 1], criticized on other grounds In re Pago Pago Aircrash of January 30, 1974 (C.D.Cal. 1981) 525 F. Supp. 1007, 1011.) The doctrine of res ipsa loquitur is designed to assist a plaintiff in establishing the existence of negligence after it is shown that a defendant was in control of the thing that produced the injury. (Moreno v. Sayre,supra, 162 Cal.App.3d 125.)
Moreover, res ipsa loquitur cannot be applied to infer negligence where the cause of an accident is merely speculative (Nelson v. Douglas Pedlow, Inc. (1955) 130 Cal.App.2d 780, 784 [279 P.2d 823]), that is, where there are several possible causes and no cause can be excluded or included by the evidence (Gentleman v. Nadell Co. (1961) 197 Cal.App.2d 545, 553-554 [17 Cal.Rptr. 389]; Pappas v. Carson, supra, 50 Cal.App.3d 268) . (3b) Appellants' and respondents' theories of the cause of the fire were equally speculative. Respondents were in no better position to explain the cause of the accident than appellants. (Moreno v. Sayre, supra, 162 Cal.App.3d 124.) Neither party's experts could determine how the fire occurred and where it originated. With regard to appellants' theory, there was no evidence of electrical or mechanical failure of respondents' walk-in cooler. Indeed, respondents testified that they had experienced no problems with the cooler. As to respondents' theory, there was no expert testimony that aluminum wiring was used in the section of the building where the fire occurred.
While conceding there was no evidence upon which an action for negligence could be founded, appellants contend they were entitled to the res *Page 78 
ipsa loquitur instructions since they could not ignore the probable negligence of respondents. Res ipsa loquitur is a rule concerning the presentation of evidence; it is not an independent ground of liability. (Dorswitt v. Wilson, supra,51 Cal.App.2d 625.) Thus, appellants could not invoke the doctrine as their theory of recovery. (Moreno v. Sayre, supra, p. 125.)
(2b) Appellants also argue the three conditions precedent to an application of res ipsa loquitur need not be conclusively satisfied before an instruction is proper. They are correct that conflicting evidence as to the cause of an accident does not prevent application of the res ipsa loquitur doctrine. The issue of whether a plaintiff has met the three conditions precedent before being entitled to a presumption of negligence is a question of fact for the jury. (Newing v. Cheatham (1975)15 Cal.3d 351, 359 [124 Cal.Rptr. 193, 540 P.2d 33]; Levy-ZentnerCo. v. Southern Pac. Transportation Co., supra, 74 Cal.App.3d 777, 778.) However, in a situation where there is conflicting evidence as to the cause of an accident, plaintiff is entitled to have a jury consider the case under the res ipsa loquitur doctrine so long as he/she has shown defendant's negligence was the more probable explanation of the accident.[3] (Zentz v.Coca Cola Bottling Co., supra, 39 Cal.2d 443-444; Kerr v.Bock (1971) 5 Cal.3d 321, 324-325 [95 Cal.Rptr. 788,486 P.2d 684].)
(3c) There was no such evidence in this case. Appellants merely established respondents did not service their cooler in over two years and subsequently a fire broke out.[4] There is no reasonable basis for contending these facts gave rise to an inference of negligence. (Gentleman v. Nadell Co., supra,197 Cal.App.2d 554.)
We conclude the court did not err in refusing appellants' proposed instructions. Appellants did not establish the probability that respondents were responsible for the fire as a matter of law. (Zentz v. Coca Cola Bottling Co., supra,39 Cal.2d 443, 449.) *Page 79 
The judgment is affirmed.
Gilbert, J., and Abbe, J., concurred.
[1] Our opinion will not include a discussion of whether the fire was of a kind which does not ordinarily occur in the absence of negligence (condition 1). This issue was not challenged by respondents, nor is it dispositive. It is also clear from the facts of the case that appellants did not contribute to the cause of the fire (condition 3).
[2] Appellants' complaint for damages also named Pacific Mutual as a defendant. Appellants subsequently dismissed their claim against that company after Pacific Mutual threatened not to renew appellants' lease.
[3] Res ipsa loquitur has been applied in unusual situations where there were several possible negligent persons but where plaintiff was unable to prove which person was more responsible. In these cases, courts found a high degree of care was owed by defendant (common carriers and doctors) toward plaintiff. (Zentz v. Coca Cola Bottling Co., supra, pp. 445-446.) We find no similar duty of care present in this case.
[4] Appellants further contend respondents knew the type of wiring and conduits used by Pacific Mutual and were negligent in failing to warn appellants of this use. This argument is without merit. We find no such duty of care on the part of respondents. *Page 80