[L. A. No. 26324.   In Bank.   Aug. 31, 1961.]

YETTY BORENKRAUT, Plaintiff and Appellant, v. ROBERT WHITTEN et al., Defendants and Respondents.

Brody & Grayson, Fred A. Weller and Jack Corinblit for Plaintiff and Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Defendants and Respondents.

PETERS, J.—In this action for personal injuries, judgment was entered on a jury verdict in favor of defendants, and plaintiff has appealed. She has also attempted to appeal from the order denying her motion for a new trial, which order is not appealable. The main ground of the appeal from the judgment is that the trial court committed prejudicial error in the giving and refusing of certain instructions.

The facts are as follows: Plaintiff's automobile stalled, and was pushed to defendants' service station. The engine would not start, although there was gasoline in the tank. An attendant (Harryman) attempted to start the engine by means of the starter switch, with no success. Then the second attendant (Randen) removed the air filter and, in an attempt to suck gasoline into the carburetor, he placed his hand over the opening of that instrument while Harryman again depressed the starter switch, but the engine failed to start. They then decided that Randen should fill the carburetor with gasoline. There was testimony to the effect that ''he was pouring it [the gasoline] like you pour water into something.'' There was

also undisputed testimony that the safe or proper procedure would be to place only a small amount (between two tablespoons to half a cup) of gasoline in the carburetor. While the pouring was going on, Harryman turned on the starter switch. In the meantime plaintiff walked to where Randen was working, and stood by him, watching what he was doing. There is no evidence that either attendant warned her against such action. She testified that she had never put gasoline in a carburetor, had never before been present when such was done, and did not know that there was any danger. As Harryman engaged the starter a backfire occurred, flames shot out of the carburetor enveloping plaintiff, resulting in the injuries of which complaint is made.

Defendants offered testimony of experts who gave their opinion that the backfire could have been caused by some unknown defect in the engine, rather than by the manner in which the gasoline was poured into the carburetor. By way of rebuttal plaintiff showed that the automobile had remained in the possession of defendants for a sufficient length of time for them to have determined the exact nature of any alleged defect in the engine, and that they had failed to offer evidence of such defect.

The theory upon which plaintiff's case was tried was that:

(a) since priming an automobile by pouring gasoline always involves the risk of backfire, the failure to take extra precautions, and the failure to warn a bystander, constituted negligence; and

(b) pouring gasoline into the carburetor at the same time the ignition was activated also constituted negligence.

The defense was predicated upon a denial of these contentions and upon contributory negligence.

At defendants' request the trial court instructed the jury on the issue of contributory negligence. It refused to give two instructions requested by plaintiff, one covering plaintiff's theory that the pouring of gasoline required special precautions, and the other on the theory of res ipsa loquitur. The jury returned its verdict for defendants, and in so doing added (presumably in the handwriting of the foreman) a statement to the effect that the verdict was predicated upon a finding that defendants were "not guilty of negligence."

Plaintiff bases her appeal on the contention that the trial court committed error in instructing on the doctrine of contributory negligence and in refusing to instruct on the two theories requested by her, and mentioned above. It is con-

tended that each such error was prejudicial. If there was error as to any one of these claims, and if such error was prejudicial, then, of course, a reversal is called for.

*Did the instruction on contributory negligence constitute prejudicial error?*

We have searched the record for any evidence, in addition to that set forth above, which might be deemed to support the defense of contributory negligence, and we have found none. While it is true that plaintiff voluntarily placed herself in a position that turned out to be dangerous, in the absence of any knowledge regarding defendants' contemplated procedures, and the further absence of any warning from defendants, this act alone could not support a finding of negligence on her part.[1] The only evidence of plaintiff's conduct on which defendants rely for proof of contributory negligence, is that plaintiff, having heard one of the attendants state that he was going to pour gasoline into the carburetor, walked to a position in close proximity to the place where he was working, without any reason other than idle curiosity. But the evidence shows that she did not know that the second attendant would activate the starter while the pouring was going on, had no means of recognizing the danger if she had known the fact, and every reason to believe that Randen (who was pouring the gasoline) would not place himself in a position of danger. She was only placing herself in the same position assumed by defendants' agent. Thus, the case falls peculiarly within the rule of *Hardin* v. *San Jose City Lines, Inc.*, 41 Cal. 2d 432 [260 P.2d 63], where this court held (p. 440) that an instruction on contributory negligence should not be given when the only evidence on that issue was that plaintiff failed to take precautions against action on the part of the defendant which she had no reasonable basis to believe would be performed, and which, if performed, would be negligent.

Thus, to instruct on contributory negligence at all was erroneous. But such error was not prejudicial (Cal. Const., art. VI, § 4½). Plaintiff contends that since there was no evidence of contributory negligence, the giving of any instruction on that theory must be deemed prejudicial, and relies on the rule expressed in *Strandt* v. *Cannon*, 29 Cal.App. 2d 509 [85 P.2d 160]. While the *Strandt* and other cases so hold, they do not involve another factor which is present in

---

[1]The force of this conclusion is strengthened by the defendants' withdrawal, after the evidence was in, of the defense of assumption of risk.

this case. Here the jury has, in effect, rendered a special verdict by which it has made a record of the fact that it arrived at its decision without considering the question of plaintiff's negligence. By finding that defendants were not negligent the issue of plaintiff's contributory negligence did not have to be passed upon. It must, therefore, be concluded that under the facts here involved the error complained of was not and could not have been prejudicial.[2] It must be noted, however, that other considerations require a reversal. On the retrial, in the absence of evidence to support it, no such instruction should be given.

### Did the refusal to instruct on the special duty of one pouring gasoline constitute prejudicial error?

The plaintiff requested, and the trial court refused to give, the following instruction:

"Because of the great danger involved in the pouring of gasoline down an open carburetor and starting the automobile while persons are in the area of the open carburetor, a person of ordinary prudence will exercise extreme caution when engaged in such an activity. Hence, it is the duty of anyone pouring gasoline through that carburetor or attempting to start the automobile under those circumstances to exercise extreme caution."[3]

The trial court did not indicate its reason for the refusal to give this instruction.[4] An examination of the record discloses no other instruction was given covering this subject matter.

The court also refused the following instruction requested by plaintiff:

"Inasmuch as the amount of caution used by the ordinarily prudent person varies in direct proportion to the danger known to be involved in his undertaking, it follows that in the exercise of ordinary care, the amount of caution required will vary in accordance with the nature of the act and the surrounding circumstances.

---

[2]Because we find the instruction to be nonprejudicial there is no necessity for discussing the question of whether plaintiff invited the error by reason of several instructions which she submitted and which might be considered as involving the issue of contributory negligence.

[3]Adapted from Cal. Jury Instns., Civ. No. 102-D. The only language appearing in the requested instruction which does not appear in the California Jury Instructions' version are the necessary words required to fill in the blank spaces left in the latter.

[4]The court omitted the customary notation of its reason for refusal on the face of the refused instructions, noting only "given as requested," "given as modified," or "refused."

"To put the matter in another way, the amount of caution involved in the exercise of ordinary care, and hence required by law, increases or decreases as does the danger that reasonably should be apprehended."

The refusal of the latter instruction may have been based upon the fact that it was covered by another instruction, requested by defendants, and given as follows:

"The amount of caution required of a person in the exercise of ordinary care depends upon the danger which is apparent to him or should be apparent to a reasonably prudent person in the particular situation and circumstances involved."

Thus, it appears that the court did advise the jury in general terms, that the quantum of care required is dependent upon the danger involved in the activity undertaken. But it cannot be said that such includes all of the elements embraced in the first quoted instruction on the refusal of which plaintiff relies for reversal. That instruction was intended to cover the law applicable to the risk incident to dealing with dangerous instrumentalities in general, and explosive or highly inflammable materials in particular. The cases are clear that the care required of a reasonable person in dealing with such instrumentalities, because of the great risks involved, is so great that even a slight deviation from the standards of care will constitute negligence. (See *Warner* v. *Santa Catalina Island Co.,* 44 Cal.2d 310, 317 [282 P.2d 12], citing *Rudd* v. *Byrnes,* 156 Cal. 636 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A. N.S. 134] ; *Cucinella* v. *Weston Biscuit Co.,* 42 Cal.2d 71, 75 [265 P.2d 513] ; and *Lasater* v. *Oakland Scavenger Co.,* 71 Cal. App.2d 217, 221 [162 P.2d 486]. See also *Signorelli* v. *Potter,* 43 Cal.2d 541, 543 [275 P.2d 449] ; *Lewis* v. *Bjornestad,* 111 Cal.App.2d 409, 412 [244 P.2d 497] ; *Johnson* v. *Nicholson,* 159 Cal.App.2d 395, 406, 408 [324 P.2d 307] ; *Ambriz* v. *Petrolane Ltd.,* 49 Cal.2d 470, 477 [319 P.2d 1] ; 35 Cal.Jur.2d, § 172, p. 686.) Thus, the refused instruction correctly stated the law as applied to the undisputed facts of this case. The claim of defendants that the general instruction offered by them (third instruction quoted above) was sufficient for this purpose, is not sound. The language of the instruction given is general, and plaintiff was entitled to have the jury instructed specifically on her theory of the case (*Gilbert* v. *Pessin Grocery Co.,* 132 Cal.App.2d 212, 224 [282 P.2d 148] ). She should not have been required to rest upon generalities, but was entitled to have the jury instructed in terms that related the degree of care to the circumstances peculiar to the case being tried

(*Novak* v. *Peira,* 175 Cal.App.2d 29, 33 [345 P.2d 349]). Since plaintiff's case was tried upon this very theory of the distinction between the quantum of care required in ordinary circumstances, and that required of persons handling materials inherently dangerous to human life, it was error to refuse the requested instruction.

    Defendants contend that the instruction was properly refused because it was argumentative in that it would have told the jury that there was a great danger involved in pouring gasoline down an open carburetor and starting the engine while plaintiff was in the area. The criticism is not well-founded. The instruction involved is not argumentative. It merely constitutes a correct statement of the law as applied to the facts of this case, and is phrased in the language recommended by the author of California Jury Instructions.

    Was the error in refusing the instruction prejudicial? We think it was. Plaintiff was entitled to instructions covering every element of her theory of the case supported by substantial evidence (see cases collected 48 Cal.Jur.2d § 188, p. 216). Here there was evidence to support the theory that the accident occurred because of defendants' failure to use the utmost care required when handling an explosive or highly inflammable material. The court refused to instruct on that theory, and the jury found that defendants were not negligent. The very fact that the jury made such a "special" finding underscores the proposition that its verdict might have been different had it been advised of the law applicable to a person handling such dangerous materials. The jury must be allowed to weigh the evidence under appropriate instructions. The failure to so instruct them was prejudicial, and the judgment must be reversed.

*The failure to instruct on res ipsa loquitur*

    Plaintiff complains of the refusal of the trial court to give her proffered instruction on res ipsa loquitur. The proffered instruction would, as a matter of law, have applied the doctrine. Under the evidence it was a jury question as to whether the facts necessary to give rise to the doctrine did, in fact, exist. It would have been error to have taken this question from the jury (*Seneris* v. *Haas,* 45 Cal.2d 811, 823 [291 P.2d 915, 53 A.L.R.2d 124] ; *Anderson* v. *County of Santa Cruz,* 174 Cal.App.2d 151, 155 [344 P.2d 421]). Thus, the proffered instruction was properly refused because, as applied to this case, it was erroneous.

On the retrial, if a proper instruction is offered on

this subject, it should be given; that is, if the jury, under proper instructions, finds the basic facts upon which the doctrine can be predicated, then this is a proper case to apply the doctrine. The record shows that the plaintiff was driving the car when it stalled; that, as far as she knew, there were no mechanical defects; that plaintiff had the car pushed to defendants' service station; that the attendants attempted to start the car by pouring gasoline into the carburetor; that the car backfired and flames shot from the carburetor, enveloping the plaintiff. It is true that, after the accident, an examination of the car indicated that it had a defective fuel pump in that it would not pump gasoline into the carburetor, but there was substantial evidence that this defect, while it might prevent the car from operating, did not cause the car to backfire. If these facts were resolved by the jury in favor of plaintiff, the doctrine of res ipsa loquitur would be applicable.

That doctrine is applicable where the question presented is of such a nature that it can be said, in the light of past experience, that the accident probably was the result of negligence by someone, and that "someone" was probably the defendant. In determining whether it is more probable than not that the defendant's negligence probably caused the accident, the courts have considered such circumstances as the plaintiff's own conduct, and the possibility that there could have been negligence causing the accident by some third person (*Guerra* v. *Handlery Hotels, Inc.*, 53 Cal.2d 266, 271 [347 P.2d 674]; *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 446-447 [247 P.2d 344]). Of course, the doctrine is not applicable where it is equally probable that the accident was caused by some fault for which the defendants are not liable, but this usually presents a jury question.

Some of these rules were set forth in the *Zentz* case, *supra*, 39 Cal.2d at page 443, as follows: "As said in the *LaPorte* case, *supra* (33 Cal.2d at p. 170 [33 Cal.2d 167 (199 P.2d 665)]), the doctrine is not applicable where it is 'at least equally probable that the accident was caused by some fault . . . for which defendants were not liable' and where 'it cannot be said that it is more likely than not that the accident was caused by the negligence of *defendants*.' (Italics added.) In dealing with this problem the courts have usually said that the defendant must have 'management' or 'control' of the agency or instrumentality which caused the injury. [Citing many cases.] It has been stated that the purpose of this requirement is to eliminate the possibility that the accident was caused by someone

other than the defendant. [Citing authorities.] Accordingly, its use is merely to aid the courts in determining whether, under the general rule, it is more probable than not that the injury was the result of the *defendant's* negligence."

Under the evidence here produced, the jury could have found that the car stalled because of the defective fuel pump; that this defect did not cause the backfire; that the defendants had exclusive control of the automobile at the time of the accident; that the acts of defendants caused the backfire; and that no other defect in the automobile caused the backfire. If the jury found that these were the facts, it would then be warranted in inferring that it was more probable than not that the accident was caused by some negligence on the part of the defendants, rather than from some possible mechanical defect for which defendants would not be responsible. Thus, if on proper instructions, the jury should find the facts as indicated, all of the elements necessary to give rise to the doctrine would exist, and the jury should be so instructed.

Of course, if the plaintiff meets the conditions required for the doctrine, the fact that she may have also produced evidence of some specific acts of negligence, would not prevent the doctrine from applying. It is well settled in this state that evidence of specific acts of negligence does not deprive the plaintiff of the benefit of the doctrine as long as the res ipsa loquitur inference may still be drawn (*Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 620-622 [155 P.2d 42, 158 A.L.R. 1008]; *Black* v. *Partridge*, 115 Cal.App.2d 639, 647 [252 P.2d 760]; Prosser on Torts (2d ed. 1955) p. 214).

None of the other alleged errors claimed by the plaintiff need be discussed at the present time. Those already discussed require a reversal.

The attempted appeal from the order denying a new trial is dismissed; the judgment is reversed; and the cause is remanded for a new trial. The appellant to recover costs on appeal.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Ashburn in the opinion prepared by him for the District Court of Appeal, *Borenkraut* v. *Randen* (Cal.App.), 11 Cal.Rptr. 356.

Schauer, J., concurred.