[S.F. No. 22886. In Bank. June 12, 1973.]

LINDA E. BEDFORD, a Minor, etc., Plaintiff and Appellant, v. ANTHONY RE et al., Defendants and Respondents.

594

## COUNSEL

Hoge, Fenton, Jones & Appel, H. R. Lloyd, Jr., and Paul J. Ten Doesschate for Plaintiff and Appellant.

Popelka, Graham, Allard, Humphreys & Williams, Robert J. Popelka and Philip R. McCowan for Defendants and Respondents.

## OPINION

**THE COURT.**—Linda Bedford by her guardian ad litem appeals from a judgment for defendants in a personal injury action.[1]

Defendant, a truck driver at construction projects, became interested in masonry. When he moved into a new house in San Jose he planned to landscape the house's then-naked front yard, both to improve its appearance and to provide an area in which his wife could display her floral arrangements. Using the advice of people he met at work, he constructed several planter boxes out of concrete and brick. One of these boxes was adjacent to a wall of the house, and defendant decided to construct a five-foot wall of concrete blocks and brick on top of the planter box to provide further decoration for the yard. The wall was intended to be merely decorative, and defendant did not reinforce it, as he could have, with steel rods. Instead, he merely secured it to the house with mortar and two nails. The wall did, however, appear to be securely attached to the house.

Shortly after defendant completed the wall his children found that they enjoyed climbing on it because the concrete blocks offered convenient handholds. When defendant discovered that they were playing on the wall he ordered them to cease doing so, apparently fearing they would fall off and injure themselves. It appears that he also entertained doubts about the stability of the wall because he "tested" it then and thereafter at fairly regular intervals by wrenching it vigorously with his full strength. Additionally, he stood on it occasionally to work on the outside of his house. He concluded that it was safe, but continued to forbid his children to climb on it.

---

[1]Although there are two defendants, they are husband and wife, and throughout the trial and appeal of this proceeding, the parties have treated the wife's liability the same as the husband's. For literary convenience, the word "defendant" will be used in the singular and will refer to the husband.

Several years after the wall was constructed defendant put his house on the market for sale and Linda's mother came to inspect it. Defendant showed her around the house, but did not warn her about the dangers of the wall even though he knew she had small children. He had not "tested" it for about six months. Linda's mother contracted to purchase the house. While the escrow was pending Linda, then five years old, and her family moved into the house. Less than one week later the wall collapsed as her two sisters, aged three and ten, were climbing on it. Linda was standing near the wall, either watching her sisters or preparing to climb, and was injured by falling blocks.

At trial plaintiff called defendant as a witness and examined him in depth about the design he had used in constructing the wall. Expert evidence was introduced relating to the wisdom of constructing a wall as defendant had done, without reinforcement. There was also evidence that nothing had been done by Linda's family to weaken the wall after moving into the house. Plaintiff submitted both conditional and absolute res ipsa loquitur instructions, but the trial court refused to give either. Given a general negligence instruction, the jury found for the defendant. Plaintiff moved for a judgment notwithstanding the verdict or in the alternative for a new trial, and the trial court denied the motions.

■ "The doctrine of res ipsa loquitur is applicable where the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the one responsible." (*Di Mare* v. *Cresci* (1962) 58 Cal.2d 292, 298-299 [23 Cal.Rptr. 772, 373 P.2d 860].) It is based upon a common sense inference from the happening of the accident. (*Ybarra* v. *Spangard* (1944) 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; see Prosser, Law of Torts (4th ed. 1971) pp. 212-224.)

■ To establish that the defendant is probably responsible, it is not necessary that the instrumentality which caused the accident was under the exclusive control of the defendant. "The requirement of control is not an absolute one. [T]he plaintiff need not exclude all other persons who might possibly have been responsible where the defendant's negligence appears to be the more probable explanation of the accident." (*Zentz* v. *Coca Cola Bottling Co.* (1952) 39 Cal.2d 436, 443-444 [247 P.2d 344].) Thus, in cases where the defendant has relinquished control of the instrumentality we have held that the plaintiff may raise the inference that it was defective when it left defendant's possession by demonstrating that it has not been improperly handled or its condition otherwise changed since leaving the defendant's control. (*Escola* v. *Coca Cola Bottling Co.* (1944) 24

Cal.2d 453, 458 [150 P.2d 436].) In *Burr* v. *Sherwin Williams Co.* (1954) 42 Cal.2d 682 [268 P.2d 1041], for example, plaintiff's crops were injured when sprayed with an impure insecticide manufactured by defendant. At trial plaintiff offered evidence that the middlemen who had purchased the insecticide from defendant and sprayed it on plaintiff's crops had not mishandled or improperly altered the spray. We held that plaintiff was therefore entitled to an instruction on res ipsa loquitur. (42 Cal.2d at p. 688.)

The wall in the instant case appeared to be sturdy and solid, and a jury could reasonably conclude that walls made of concrete and brick do not topple under the weight of two small children in the absence of negligence by someone. Plaintiff presented evidence indicating that the members of the Bedford family had done nothing to weaken the wall during the six days they lived in the house before the accident. Defendant contends that the showing is negated by the fact that Linda's sisters had climbed on the wall, not an "intended use," and subjected it to undue stress. It was not apparent that the wall could not withstand such pressures, however, for it looked to be securely fastened to the house. The essence of the claimed inference of negligence in this case is that the wall appeared to be strong, made of concrete and brick and that such a wall when constructed and maintained with due care would not topple from the weight of two small children. (Cf. *Walker* v. *Fresno Distributing Co.* (1965) 233 Cal.App.2d 840, 848 [44 Cal.Rptr. 68].) Although defendant had not intended that children would climb on the wall, his original lack of foresight does not exonerate him and cannot assist him after he learned that children were attracted to and did climb on the wall. Linda's sisters subjected the wall to no greater stress than had defendant's children, and a jury could reasonably conclude that the condition of the wall had not been materially altered after leaving defendant's control and that it was probably negligence on the part of defendant which caused the injury.

*Scott* v. *Fuller Co.* (1940) 41 Cal.App.2d 501, 506 [107 P.2d 55], relied upon by defendant is distinguishable. A painter was injured when instead of using scaffolding he stood on a joist which was part of an unfinished form for pouring concrete. In discussing the accident due to the joist giving way, the court reasoned in part that it was the type of accident which frequently occurs where a person fails to take ordinary precautions for his own safety. In the instant case, Linda was standing next to a completed wall made of brick and concrete blocks when injured, and its collapse was not an accident comparable to that in *Scott*.

Defendant next contends that plaintiff's request for a res ipsa

loquitur instruction was properly denied because she had established through her examination of defendant and other witnesses precisely what defendant's acts had been and had also shown the actual cause of the accident.

We have long held that ordinarily introduction of evidence of specific acts of negligence does not deprive a plaintiff of the doctrine of res ipsa loquitur. (See *Jiminez* v. *Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 385 [93 Cal.Rptr. 769, 482 P.2d 681]; *Shahinian* v. *McCormick* (1963) 59 Cal.2d 554, 562 [30 Cal.Rptr. 521, 381 P.2d 377]; *Borenkraut* v. *Whitten* (1961) 56 Cal.2d 538, 548 [15 Cal.Rptr. 635, 364 P.2d 467]; *Leet* v. *Union Pac. R. R. Co.* (1944) 25 Cal.2d 605, 621 [155 P.2d 42, 158 A.L.R. 1008].) In *Leet* v. *Union Pac. R. R. Co., supra,* 25 Cal.2d 605, 621, it was pointed out that, if he is denied an instruction on res ipsa loquitur, "[t]he plaintiff is penalized for going forward and making as specific a case of negligence as possible. If he endeavors to make such a case he runs the risk of losing the benefits of the doctrine to which the circumstances entitle him. Rather than place him in such a position he should be encouraged to prove as much as possible. The end result is not injurious to the defendant. He is not injured by the fact that the inference of negligence arose. The circumstances established a foundation therefore based upon probability. Indeed, he is in a better position as he has specific evidence to meet before the trier of fact that may be helpful to him."

The facts of *Di Mare* v. *Cresci, supra,* 58 Cal.2d 292, are instructive. The plaintiff, a tenant on the third floor of defendant's apartment house, was injured when a step in an outside stairway maintained by defendant gave way beneath her. At trial the plaintiff introduced evidence that the treads and risers on the stair were not tight, thereby allowing water below them, that the nails were poorly placed and that there was dry rot around the nails leaving the wood in a decomposed condition. In spite of this detailed showing, we held that the plaintiff could still utilize res ipsa loquitur because she had not established the cause of her injury to a certainty and should not be penalized for producing all the evidence she had available.[2]

---

[2]Another example is presented by *Khanoyan* v. *All American Sports Enterprises, Inc.* (1964) 229 Cal.App.2d 785 [40 Cal.Rptr. 596]. Plaintiff there was injured while attending a demolition derby as a spectator when hit by part of an engine of one of the cars which had been projected into the stands by a collision. He contended that defendant, the operator of the stadium where the event took place, had been negligent in failing to build the protective fence high enough. He proved how the engine part had been projected into the stands. The court held that it was error to deny him a res ipsa loquitur instruction because many factors could influence the finding of negligence. "Thus, while precise knowledge as to what struck plaintiff and from whence the missile came is known and undisputed, whether such occurrence was the result

Nevertheless, the doctrine is not available if "the facts as to the cause of the accident and the care exercised by the defendant are shown as a matter of law thus eliminating any justification for resort to the inference of negligence." (*Di Mare* v. *Cresci, supra,* 58 Cal.2d 292, 299.)

In *Akins* v. *County of Sonoma* (1967) 67 Cal.2d 185 [60 Cal.Rptr. 499, 430 P.2d 57], plaintiff, a three-year-old boy, had fallen out of bleachers maintained by defendant, allegedly due to defendant's negligence in leaving a large space between the top bleacher seat and the railing behind it. We held that "[t]here is no dispute as to the condition of the bleachers from which plaintiff fell" and that plaintiff's res ipsa loquitur instruction was therefore properly denied. (67 Cal.2d at p. 195.) There was no question about the condition of the instrumentality because it could be inspected, and the precise cause of plaintiff's injury—the space between the top row of seats and the railing—was obvious. In such a case there is no room left for an inference of negligence from the happening of the accident because all the facts are known. (See also *Keeton* v. *Henning* (1969) 1 Cal.App.3d 50 [81 Cal.Rptr. 424].)

■ In the instant case, plaintiff made a considerable effort to explore all aspects of defendant's conduct, examining defendant at length to determine how he had built and maintained the wall and producing expert testimony as to the proper methods for constructing such a wall. The failure of the wall may not have been due to defendant's inadequate design, however. It may be that his masonry itself was deficient because of his inexperience and that the bonding of the mortar and bricks was not solid. Plaintiff could not demonstrate whether such defects were present because the wall was demolished when she first had cause to look into its condition. Furthermore, it was possible that the defect in the wall was due to neither the design nor the construction, rather that defendant had maintained it in a negligent fashion. Defendant's children had climbed on it several times and reported that it seemed sturdy. Defendant himself had "tested" the wall several times by wrenching it with all his strength and had stood on it on several occasions to work on the outside of his house. He had always found it firm, but had not checked it for at least six months prior to selling the house. Thus it may have been that some event subsequent to construction was the cause of the wall's falling on plaintiff. Since such reasonable alternative explanations of the cause of the accident exist, plaintiff has not established the cause as a matter of law and is not precluded from reliance on the doctrine of res ipsa loquitur.

of negligence on the part of defendant due to a faulty protective fence, or whatever cause, was an issue for the jury and concerning which plaintiff was entitled to the application of the doctrine." (229 Cal.App.2d at p. 793.)

We are satisfied that the trial court erred in refusing the conditional res ipsa loquitur instruction. The question of negligence in this case was close, and the jury may have found for the defendant because it could not decide precisely which of his acts caused the accident. (See *Springer* v. *Reimers* (1970) 4 Cal.App.3d 325, 335 [84 Cal.Rptr. 486].) In the circumstances it cannot be said that the trial· court's failure to give a res ipsa loquitur instruction was harmless. (*Shahinian* v. *McCormick, supra,* 59 Cal.2d 554, 564.)

The judgment is reversed.

**BURKE, J.**—I dissent, for I believe that this was not an appropriate case for application of the doctrine of res ipsa loquitur. Under settled law, acknowledged by the majority, in any case wherein the facts as to the cause of the accident and the care exercised by the defendant are undisputed, resort to the inference or presumption of negligence is rendered unnecessary. (*Akins* v. *County of Sonoma,* 67 Cal.2d 185, 195 [60 Cal. Rptr. 499, 430 P.2d 57]; *Di Mare* v. *Cresci,* 58 Cal.2d 292, 299 [23 Cal.Rptr. 772, 373 P.2d 860]; *Keeton* v. *Henning,* 1 Cal.App.3d 50, 54-55 [81 Cal.Rptr. 424].) As stated in *Akins,* a case involving an accidental fall from bleachers owned and maintained by defendant county, ". . . the facts are undisputed as to how the accident happened and the care exercised by defendants. There is no dispute as to the condition of the bleachers from which plaintiff fell. The issue is whether the undisputed conduct of defendants constituted negligence which proximately [caused] plaintiff's injuries, and there is no room for resort to inference as to what defendants did or did not do. Accordingly, the court was correct in ruling that the res ipsa loquitur [instruction] did not apply." (P. 195.)

The *Akins'* rule is controlling here, for the facts regarding the cause of the accident and the care exercised by defendant are undisputed. The jury was presented with uncontradicted facts regarding defendant's design, construction, maintenance and inspection of the wall. Thus, in this case the jury knew precisely what defendant did, and did not do, to prevent the accident which occurred, and accordingly the jury was directly faced with the question whether, under the uncontradicted evidence, defendant's conduct constituted negligence.

I submit that whenever the facts regarding defendant's conduct are known and uncontradicted, there is no reason whatever to instruct the jury on res ipsa loquitur.[1] Such an instruction, with its presumption of negli-

---

[1]The majority appear to assume that the *Akins'* rule is inapplicable when the evidence presents various different theories of defendant's negligence (e.g., in designing,

gence (see Evid. Code, § 646, subd. (b)), could significantly confuse the jury which already has before it sufficient facts to make its determination on the negligence issue. Moreover, unlike the case involving an unexplained accident, in the instant case the instruction is wholly unnecessary to balance the equities between an ignorant plaintiff and a knowledgeable defendant. In the traditional example of the sponge inexplicably found inside an ailing patient's stomach, the res ipsa instruction would properly assist plaintiff in surmounting a difficult proof problem. However, if the uncontradicted evidence disclosed that, for one reason or another, defendant physician intentionally left the sponge in place, resort to the doctrine would be unnecessary, and the jury's sole remaining function would be to determine whether defendant's admitted conduct constituted negligence. In the instant case, the jury found otherwise.

I would affirm the judgment.

McComb, J., concurred.

---

building, maintaining and inspecting the wall). But the only essential ingredient of *Akins* is that the jury know precisely what defendant did in causing plaintiff's injuries. With such knowledge, the jury is fully equipped to determine whether (on one or many different theories) defendant was negligent.

The majority also suggest that it is significant that the evidence did not conclusively establish why the wall fell. But logical analysis confirms that the *Akins'* rule does not require exact proof of the cause of the accident so long as the evidence does establish precisely what role defendant played in the event. It is defendant's conduct alone which the jury must measure and adjudge, and a res ipsa loquitur instruction is justified only where evidence of that conduct is lacking or in conflict.