BRAVO ENERGY TRADING, N.A., a
California General Partnership,
Plaintiff—Appellant,

v.

SHELL OIL CO., a Delaware cor-
poration, et al., Defendants—
Appellees.

No. 99–56900.
D.C. No. CV–98–7023 RAP (Ex).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 19, 2001.

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Bravo Energy Trading, N.A., appeals the district court's grant of summary judgment for Shell Oil Co. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not detail them here except as necessary.

As to whether Bravo was undercompensated as a result of Shell's negligence, we affirm for the reasons stated by the district court.

Bravo claims that the district court erred in not applying the doctrine of res ipsa loquitur. Findings of causation, or lack thereof, are reviewed for clear error. *See Reber v. United States,* 951 F.2d 961 (9th Cir.1991). State res ipsa loquitur doctrine applies in diversity cases. *See Woodworkers Tool Works v. Byrne,* 191 F.2d 667 (9th Cir.1951). Because Bravo has not shown that the observed decrease in oil quality could only have been caused by Shell's negligence, *see Bedford v. Re,* 9 Cal.3d 593, 597, 108 Cal.Rptr. 364, 510 P.2d 724 (1973), the failure to apply the res ipsa doctrine was not clear error.

Bravo claims it was entitled to the benefit of burden shifting. The district court's allocation of the burden of proof is a legal determination that we review de novo. *See Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.,* 940 F.2d 550, 555 (9th Cir.1991). State law governs the burden of proof in diversity cases. *See*

*Robinson, Leatham & Nelson, Inc. v. Nelson,* 109 F.3d 1388, 1391 (9th Cir.1997). Because Bravo has not shown Shell to be a prima facie wrongdoer and evidence was as accessible to Bravo as it was to Shell, *see Harris v. Irish Truck Lines,* 11 Cal.3d 373, 378, 113 Cal.Rptr. 489, 521 P.2d 481 (1974), Bravo is not entitled to burden shifting.

Bravo claims that the district court misapplied the burden of proof and granted summary judgment on a theory not argued by Shell. Both claims are without merit.

Bravo argues that the district court erred in excluding the expert testimony of accountant Thomas Neches. The district court's order excluding evidence in the context of summary judgment is reviewed for an abuse of discretion. *See Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1227 (9th Cir.1998), *cert. denied,* 526 U.S. 1099, 119 S.Ct. 1577, 143 L.Ed.2d 672 (1999). Because Neches' damages calculations were premised on the assumption that Shell's tests were inaccurate, the district court's decision to exclude his testimony for the reason that it was based wholly on the results of these tests was not an abuse of discretion.

As to Bravo's confidentiality claim, we affirm as well. Bravo's evidence is insufficient to create a genuine issue of material facts regarding its claim that Shell shared Bravo's confidential information in breach of their agreement.

Bravo argues that the district court erred in rejecting as inadmissible hearsay the testimony of Richard Fortier concerning the out-of-court statements of Colleen O'Farrell and Hank Babuszczak. While it is unclear on the record whether such testimony should have been admitted as

---

statements by a party opponent, Fed. R.Evid. 801(d)(2), Fortier's testimony concerning O'Farrell and Babuszczak is in any event nonprobative of Bravo's confidentiality claim and thus was properly excluded.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.