175 Cal.App.4th 1297 (2009)
EDUVIGIS DIAZ, Plaintiff and Appellant,
v.
LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants and Respondents.
No. B206259.
Court of Appeals of California, Second District, Division Seven.
July 20, 2009.
As modified July 23, 2009.
*1299 Marlon M. Alo for Plaintiff and Appellant.
O'Reilly & McDermott, Paul O'Reilly; Greines, Martin, Stein & Richland, Martin Stein and Carolyn Oill for Defendants and Respondents.

OPINION
PERLUSS, P. J.
Eduvigis Diaz appeals from the judgment entered in this personal injury action after a jury found the Los Angeles County Metropolitan Transportation Authority (MTA) and its employee, Omar Forero, were not negligent in connection with injuries Diaz sustained when an MTA bus in which she was a passenger collided with a car stopped in front of it. Diaz contends the court erred in refusing to instruct the jury on principles of res ipsa loquitur.[1] Because MTA is a common carrier and substantial evidence supported the conclusion Diaz's injury was the result of MTA's operation of the bus, a res ipsa loquitur instruction should have been given. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND
On November 21, 2005 Diaz was a passenger on an MTA bus driven by Forero. As the bus approached the intersection of Van Nuys Boulevard and *1300 Roscoe Boulevard, it braked suddenly, but still crashed into the back of the car driven by Cindy Artero. In the accident Diaz, then 79 years old, fell off her seat and hit her head, sustaining injuries.
Diaz sued MTA and Forero claiming her injuries were caused by Forero's negligence. She alleged Forero had intended to proceed through the intersection and was not prepared to stop when Artero stopped in front of him. MTA and Forero's theory at trial was that Artero had moved from the right turn lane into his lane just before the intersection and then had stopped suddenly when the traffic light turned yellow, forcing Forero to brake. MTA and Forero asserted at trial Forero had acted reasonably and done everything right but was unable to avoid hitting Artero's car under the circumstances.
The trial court refused Diaz's request to instruct the jury the accident itself created a presumption of Forero's negligence, shifting the burden to MTA and Forero to demonstrate they were not negligent.[2] In a special verdict form the jury found MTA and Forero not negligent. The trial court denied Diaz's motions for a new trial and for judgment notwithstanding the verdict.

DISCUSSION

1. The Trial Court Erred in Refusing To Instruct the Jury on Principles of Res Ipsa Loquitur

(1) A res ipsa loquitur instruction, which allows the jury to presume negligence and shifts the burden to the defendant to show he or she was not negligent, is warranted only when, among other things, there is substantial evidence from which a jury could reasonably conclude the accident could not have happened at all but for the defendant's negligence. (Zentz v. Coca Cola Bottling Co., supra, 39 Cal.2d at pp. 442-443 ["[a]ll of the cases hold, in effect, that it must appear, either as a matter of common experience or from *1301 evidence in the case, that the accident is of a type which probably would not happen unless someone was negligent"]; accord, Gradus v. Hanson Aviation, Inc. (1984) 158 Cal.App.3d 1038, 1055-1056 [205 Cal.Rptr. 211].) "Stated less mechanically, a plaintiff suing in a personal injury action is entitled to the benefit of res ipsa loquitur when: `the accident is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the person who is responsible.'" (Rimmele v. Northridge Hosp. Foundation (1975) 46 Cal.App.3d 123, 129 [120 Cal.Rptr. 39].)[3]
(2) In Hardin v. San Jose City Lines, Inc, supra, 41 Cal.2d 432 (Hardin) the Supreme Court held the doctrine of res ipsa loquitur applies when a passenger on a common carrier,[4] through no fault of his or her own, is injured in connection with the operation of the carrier's vehicle. (See Hardin, at p. 436 [it is "well settled" that "an inference of negligence based on res ipsa loquitur arises in cases where a passenger on a common carrier is injured as the result of the operation of the vehicle . . ."]; accord, Irwin v. Pacific Southwest Airlines (1982) 133 Cal.App.3d 709, 716 [184 Cal.Rptr. 228]; Bezera v. Associated Oil Co. (1931) 117 Cal.App. 139, 142 [3 P.2d 622].) Twenty years earlier, in Smith v. O'Donnell (1932) 215 Cal. 714 [12 P.2d 933], the court observed the doctrine of res ipsa loquitur "`has been most frequently applied in common carrier cases where injury has occurred to a passenger.'" (Id. at p. 723.) The court explained, "`"The reason for the application of the doctrine in such cases appears to be practically as stated in this quotation, viz.: that in view of the very high degree of care essential under the law on the part of a carrier of persons toward those who are its passengers, such a collision would not happen in the ordinary course of events if the carrier exercised such care, and that ordinarily when such an accident occurs, it is due to failure on the part of the person operating the car to use the proper degree of care in so operating it, or in other words, to `the manner in which the defendant used or directed the instrumentality under its control'."'" (Ibid.; see generally Rest.2d Torts, § 328D, com. b, pp. 157-158 [res ipsa *1302 loquitur doctrine most frequently applied "in actions by passengers against carriers" when injury results from carrier's operation of vehicle].)[5]
(3) MTA and Forero contend, although it is well established that common carriers are held to the highest standard of care in operating their vehicles (see, e.g., Lopez v. Southern Cal. Rapid Transit Dist. (1985) 40 Cal.3d 780, 785 [221 Cal.Rptr. 840, 710 P.2d 907] [common carriers are held to a standard of care requiring them "to do all that human care, vigilance, and foresight reasonably can do under the circumstances"]; Squaw Valley Ski Corp. v. Superior Court (1992) 2 Cal.App.4th 1499, 1507 [3 Cal.Rptr.2d 897]), it is equally well established they are not insurers of their passengers' safety. (Lopez, at p. 785; Squaw Valley, at p. 1507.) Contrary to MTA and Forero's suggestion, an instruction on res ipsa loquitur is not tantamount to making the common carrier an insurer. The presumption created by res ipsa loquitur is an evidentiary one; it may be rebutted by the defendant with evidence the accident was the fault of a third party, not the defendant. (See Brown v. Poway Unified School Dist., supra, 4 Cal.4th at p. 825 [describing evidentiary presumption of res ipsa loquitur doctrine].) Application of res ipsa loquitur under circumstances involving the operation of a common carrier is simply an acknowledgment "the carrier is in a better position to explain the cause of the movement" of the vehicle than the passenger for hire. (Middleton v. California St. Cable Ry. Co. (1946) 73 Cal.App.2d 641, 645 [167 P.2d 239].)
(4) MTA and Forero also argue the instruction was not warranted in this case because, unlike the circumstances in Hardin, supra, 41 Cal.2d 432, which involved the sudden stop of a city bus for "no apparent reason," a collision with a third party is not the type of accident that, more probably than not, does not occur absent the common carrier's negligence. However, appellate courts have long held the doctrine applicable to actions involving collisions between a common carrier and a third party in which the carrier claims the accident is the result of the third party's negligence, provided there is substantial evidence to support the passenger's position the accident *1303 resulted from the carrier's operation of its vehicle. (See, e.g., Rogers v. Los Angeles Transit Lines (1955) 45 Cal.2d 414, 418 [289 P.2d 226] [res ipsa loquitur doctrine "clearly applicable" to bus passenger who was injured when bus collided with truck]; St. Clair v. McAlister (1932) 216 Cal. 95, 98 [13 P.2d 924] [plaintiff who was injured when bus in which she was passenger collided with motor vehicle entitled to invoke doctrine of res ipsa loquitur]; Irwin v. Pacific Southwest Airlines, supra, 133 Cal.App.3d at p. 716 [res ipsa loquitur instruction proper in case involving collision of common carrier airplane with private airplane]; Bezera v. Associated Oil Co., supra, 117 Cal.App. at p. 142 [res ipsa loquitur instruction proper in wrongful death case involving passenger in taxi cab who died when the taxi cab collided with an oil truck]; cf. Mercer v. Perez (1968) 68 Cal.2d 104, 126 [65 Cal.Rptr. 315, 436 P.2d 315] [plaintiff in vehicle that was stationary when hit from behind entitled to res ipsa loquitur instruction].)[6]
(5) In sum, that MTA and Forero blame a third party for the accident does not negate the applicability of the res ipsa loquitur instruction in this case involving injuries sustained by a passenger of a common carrier in connection with the operation of the carrier's vehicle. The court erred in refusing to give a res ipsa loquitur instruction.[7]

2. The Court's Instructional Error Was Prejudicial

A judgment is not subject to reversible for instructional error unless it can be shown the error resulted in a miscarriage of justice. (Soule v. General Motors Corp., supra, 8 Cal.4th at p. 580 [judgment reversible for instructional error when error results in miscarriage of justice]; Viner v. Sweet (2004) 117 Cal.App.4th 1218, 1226 [12 Cal.Rptr.3d 533] [instructional error not reversible unless appellant shows a reasonable probability he or she would have received a more favorable result in absence of error].)
Here, the question of negligence was a close one. Artero and Forero offered markedly different accounts of the accident and who was at fault. *1304 Although the doctrine of res ipsa loquitur is a presumption affecting the burden of producing evidence (Evid. Code, § 646, subd. (b)) and the presumptive effect of the doctrine vanishes if, as here, the defendant produces evidence that would support a finding the defendant was not negligent (see Evid. Code, § 604), a properly instructed jury still could have drawn the inference the accident was caused by MTA's negligence based on the evidence that established Diaz's entitlement to the initial presumption. (Evid. Code, § 646, subd. (c)[8]: see also Cal. Law Revision Com. com., 29B pt. 2 West's Ann. Evid. Code (1995 ed.) foll. § 646, p. 198 [Even if the defendant comes forward with evidence rebutting the presumption, "the jury may still be able to draw an inference that the accident was caused by the defendant's lack of due care from the facts that gave rise to the presumption. [Citation.] In rare cases, the defendant may produce such conclusive evidence that the inference of negligence is dispelled as a matter of law. [Citation.] But, except in such a case, the facts giving rise to the doctrine will support an inference of negligence even after its presumptive effect has disappeared."].)
Because such an inference of negligence would be proper on the facts of this case, the court's failure to instruct the jury on res ipsa loquitur deprived Diaz of a significant advantage at trial. Under such circumstances, it cannot be said that failure was harmless. (See Bedford v. Re (1973) 9 Cal.3d 593, 601 [108 Cal.Rptr. 364, 510 P.2d 724] [when question of negligence is close and res ipsa loquitur instruction is warranted, "it cannot be said that the trial court's failure to give a res ipsa loquitur instruction was harmless"]; Meier v. Ross General Hospital (1968) 69 Cal.2d 420, 432 [71 Cal.Rptr. 903, 445 P.2d 519] [where it is reasonably probable that, had res ipsa loquitur instruction been given, plaintiff would have prevailed on the question of negligence, failure to give the instruction is reversible error].)[9]

*1305 DISPOSITION
The judgment is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion. Diaz is to recover her costs on appeal.
Zelon, J., and Jackson, J., concurred.
NOTES
[1] Res ipsa loquitur "`means simply "the thing, or affair, speaks for itself," and, so speaking, authorizes the inference of negligence in the absence of a showing to the contrary.'" (Zentz v. Coca Cola Bottling Co. (1952) 39 Cal.2d 436, 440 [247 P.2d 344]; accord, Brown v. Poway Unified School Dist. (1993) 4 Cal.4th 820, 825 [15 Cal.Rptr.2d 679, 843 P.2d 624].)
[2] Diaz sought the following "special instruction" based on language from Hardin v. San Jose City Lines, Inc. (1953) 41 Cal.2d 432 [260 P.2d 63]: "If and only in the event, you should find there was an accidental occurrence as claimed by plaintiff, an inference arose that her injury was caused by defendant's negligence and that it was incumbent upon defendant to rebut the inference by showing that it exercised the utmost care and diligence." Although Hardin used the word "inference," the Supreme Court has since clarified that the "inference" referred to in the res ipsa loquitur instruction has the same effect as an evidentiary presumption. (Burr v. Sherwin Williams Co. (1954) 42 Cal.2d 682, 691 [268 P.2d 1041]; Brown v. Poway Unified School Dist., supra, 4 Cal.4th at p. 825; see Evid. Code, § 646.)
[3] When the contention on appeal is that the trial court failed to give a requested jury instruction, we review the record in the light most favorable to the party proposing the instruction to determine whether there was substantial evidence warranting the instruction. (Soule v. General Motors Corp. (1994) 8 Cal.4th 548, 572 [34 Cal.Rptr.2d 607, 882 P.2d 298] ["[a] party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence"]; Bullock v. Philip Morris USA, Inc. (2008) 159 Cal.App.4th 655, 684 [71 Cal.Rptr.3d 775].)
[4] Civil Code section 2168 defines common carrier: "Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier of whatever he thus offers to carry."
[5] Although the origin of the res ipsa loquitur doctrine is frequently attributed to Byrne v. Boadle (1863) 159 Eng.Rep. 299, 300 (res ipsa loquitur applied to case involving barrel that rolled out of the window of the defendant's warehouse onto the plaintiff), it was actually first applied more than a half century earlier in a case involving injuries sustained by a passenger of a common carrier. (See Prosser, Res Ipsa Loquitur in California (1949) 37 Cal. L.Rev. 183, 185 ["Fifty-four years before the barrel of flour, the axle of a stagecoach broke and a passenger was hurt." It was held that "the burden lay upon the carrier to show `that the coach was as good a coach as could be made, and that the driver was as skillful a driver as could anywhere be found.'"].)
[6] MTA and Forero cite Gotcher v. Metcalf (1970) 6 Cal.App.3d 96, 102 [85 Cal.Rptr. 566], a case involving the collision of two single-engine airplanes, for the general proposition that, "[w]here it is equally probable that the negligence was that of someone other than the defendant the doctrine [of res ipsa loquitur] does not apply . . . ." Gotcher recognized in footnote 1 of its opinion, however, that the doctrine of res ipsa loquitur does apply to passengers injured in the operation of common carriers, noting that neither party was a common carrier in that case. (See id. at p. 102, fn. 1.)
[7] CACI No. 417 is the Judicial Council's approved form for the res ipsa loquitur instruction.
[8] Evidence Code section 646, subdivision (c), provides, "If the evidence, or facts otherwise established, would support a res ipsa loquitur presumption and the defendant has introduced evidence which would support a finding that he was not negligent or that any negligence on his part was not a proximate cause of the occurrence, the court may, and upon request shall, instruct the jury to the effect that: [¶] (1) If the facts which would give rise to a res ipsa loquitur presumption are found or otherwise established, the jury may draw the inference from such facts that a proximate cause of the occurrence was some negligent conduct on the part of the defendant; and [¶] (2) The jury shall not find that a proximate cause of the occurrence was some negligent conduct on the part of the defendant unless the jury believes, after weighing all the evidence in the case and drawing such inferences therefrom as the jury believes are warranted, that it is more probable than not that the occurrence was caused by some negligent conduct on the part of the defendant."
[9] Diaz also contends the verdict is not supported by substantial evidence. In light of our holding reversing the judgment, we do not reach that contention. In addition, because the circumstances surrounding Dr. Amos's testimony may not recur at all in the next trial, or in the same form as in this record, we also decline to address Diaz's contention concerning the court's admission of Dr. Amos's testimony.